UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

AMADO MUNGUIA,

                Plaintiff,

                                ORDER

    - against -

                                CV 2011 3581 (JBW)(MDG)

MOHAMMED M. BHUIYAN, et al.

                Defendants.

- - - - - - - - - - - - - - - - - - -X

    Plaintiff has moved for leave to file a proposed amended complaint (the "Proposed Complaint") to convert this suit into a collective action, add new claims and identify some of the previously unnamed John Doe defendants. For the following reasons, the motion is granted.

**BACKGROUND**

    Plaintiff Amado Munguia commenced this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York labor laws against Mohammed Bhuiyan, Noni Muhammed, Biponon Corporation, Haat Bazaar and John Doe individuals and corporations. See Compl. (ct. doc. 1) at ¶ 1. He seeks to recover unpaid wages that he alleges defendants owe him after plaintiff worked for four years as a butcher at Haat Bazaar and earned a flat weekly wage that did not meet the legally mandated minimum wage or include any overtime or spread of hours pay. Id. at ¶¶ 2-3. At an initial conference on October 26, 2011,

Magistrate Judge Andrew Carter, to whom this case was referred, issued a scheduling order setting November 30, 2011 as the deadline for moving to amend any pleading.[1] On November 30, 2011, plaintiff provided a copy of Proposed Complaint to defendants, who declined to consent to its filing. Plaintiff then filed the instant motion to amend the complaint on December 19, 2011. This Court held a conference with the parties on this matter on January 12, 2012 and requested additional briefing. See Minute Entry dated Jan. 12, 2012.

In this motion, plaintiff requests leave to add collective action allegations to his FLSA claims, substitute named defendants for John Doe parties and add new causes of action for discrimination under New York state and municipal law, violations of a New York state law that requires employers to provide employees with certain information about their wages and retaliation under federal and state labor law. See ct. doc. 13 at 1.

**DISCUSSION**

Fed. R. Civ. P. 15(a) specifies that leave to amend a pleading shall be "freely given when justice so requires." See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971). Leave should ordinarily be granted absent a showing of bad faith by the moving party, undue prejudice to the other

---

[1] This case was reassigned to me when Judge Carter was appointed a district judge in the Southern District of New York.

parties or futility of the amendment.  See, e.g., Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000); Manson v. Stacescu, 11 F.2d 1127, 1133 (2d Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Block v. First Blood Ass'n, 988 F.2d 344, 350 (2d Cir. 1993); S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir. 1979) (plaintiff must have "at least colorable grounds for relief").

Defendants have raised a variety of arguments based on plaintiff's lack of good cause for his untimely motion and the futility of the amendment.  Defendants are correct that the Second Circuit in Parker v. Columbia Pictures, 204 F.3d 326 (2d Cir. 2000), recognized that the liberal pleading requirements in Rule 15(a) must be balanced "with Rule 16(b)'s requirement that scheduling orders 'shall not be modified except upon a showing of good cause.'"  Id. at 339 (quoting Fed. R. Civ. P. 16(b)). However, the Second Circuit in Parker did not mandate that the "good cause" standard automatically apply in every case, but rather, upheld a trial court's discretion to deny a late application for failing to meet the "good cause" requirement under Rule 16(b).  See Parker, 204 F.3d at 241; see also Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009).

It is clear that plaintiff has acted in a reasonably timely and diligent fashion.  Plaintiff notes in his moving papers that he submitted a proposed Amended Complaint to defendants within

-3-

the time frame previously agreed on by the parties. Ct. doc. 13, Ex. A at 2. Defendants declined to stipulate to the Proposed Complaint, and plaintiff filed this motion less than two weeks after defendants communicated their refusal to consent to filing the amended complaint. Id. at 2.

Even if the Court were to accept defendants' argument that plaintiff did not file this motion in a timely fashion, "[m]ere delay... absent a showing of bad faith or undue prejudice" is not a basis for denying the right to amend. See, e.g., Rutuolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008); Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995); State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). The defendants fail to establish bad faith or undue prejudice as a result of any delay in seeking amendment. They have not attempted to show that the proposed amendments will require them to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute. See Monahan v. New York City Dept. of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (quoting Block, 988 F.2d 344 at 350).

Defendants also contend that leave to amend should be denied on the basis of futility. In determining whether a proposed amendment is futile, a court must treat the motion to amend in the same manner as a motion to dismiss, looking only at the face of the complaint and accepting all the allegations of the

complaint as true. See Aetna Cas & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 604 (2d Cir. 2005); Idearc Media LLC v. Siegel, Kelleher & Kahn LLP, 2012 WL 162563, *2-*3 (W.D.N.Y. Jan. 18, 2012). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Machs., 310 F.3d 243, 258 (2d Cir. 2002) (internal citation omitted). Dismissal under Rule 12(b)(6) is, in turn, warranted "only if it appears beyond a doubt that the plaintiff can prove no set of facts supporting its claim that entitles it to relief." Lamb v. Henderson, 1999 WL 596271, at *2 (S.D.N.Y. Aug. 9, 1999) (citations omitted). The decision to grant or deny a request to amend is within the discretion of the district court. Foman, 371 U.S. at 182; John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).

While there may be merit to defendants' contention that there is no basis to plaintiff's claims, the law is not as clear-cut as defendants argue. Specifically, defendants contend that the amendment is futile because: plaintiff's request for tax documents, which he alleges was the impetus for his termination, does not constitute a "complaint" as defined in the anti-retaliation provisions of the FLSA or New York labor law; plaintiff's state-law racial discrimination claims are too indirectly related to his wage and hour collective action claims for this Court to exercise supplementary jurisdiction; and the

-5-

version of the New York Wage Theft Prevention Act that plaintiff cites in his complaint was not in effect during his employment.

As plaintiff notes in his supplementary brief, the Supreme Court's recent decision in Kasten v. Saint-Gobain Performance Plastics Corp., 131 S. Ct. 1325 (2011), may have a substantial impact on what types of communications between an employee and employer may be considered a complaint that is protected from retaliation under federal law.  The Supreme Court held that an oral complaint may be sufficient if it "puts an employer on notice that the employee is asserting statutory rights" under the FLSA.  Id. at 1335.  As plaintiff describes the situation, defendants knew that he was requesting tax information in order to prove that he was consistently paid below minimum wage and did not receive overtime in spite of his long work hours.  Ct. doc. 17 at 8.  Without ruling on the merits of this claim, this Court finds that plaintiff could foreseeably prove retaliation.

Second, the determination whether supplemental jurisdiction should be exercised over a counterclaim requires a "case-by-case approach that looks to the strength and nature of the 'logical relationship' between [the] counterclaims and the jurisdiction-conferring claims."  Goldman Marcus, Inc. v. Goldman, et al., 2000 WL 297169, *3 (S.D.N.Y. March 21, 2000) (quoting Federman, et al. v. Empire Fire and Marine Ins. Co., et al., 597 F.2d 798, 812 (2d Cir. 1979)); see also Kirschner, D.D.S. v. Klemons, D.D.S., et al., 225 F.3d 227, 239 (2d Cir. 2000).  Both the

federal and state claims must be so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit. Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991). Here, plaintiff has sufficiently alleged that racial discrimination is "relevant to the issue of plaintiff's wages because [he] alleges that [defendants] decreased [his] wages" as a result of unlawful discrimination. River v. Ndolda Pharm. Corp., 497 F.Supp.2d 381, 393 (E.D.N.Y. 2007). Discovery on this claim would require much of the same information that plaintiff would seek to prove the collective allegations on the wage and hour claims, specifically records of hours worked and wages earned by plaintiff and his co-workers.

Finally, although plaintiff does not dispute that he cites specific language in his Proposed Complaint that appears in an amended version of New York Labor Law § 195 that went into effect shortly before his termination, this Court is persuaded that state law is not clear that he has no right to recover under this statute. Defendants cite the effective date and language of the amended statute but do not support their argument with any authority that suggests that plaintiff cannot recover for any employer violations of that act that occurred before the effective date of the amended version. The prior version of the statute, which was in effect at the time of plaintiff's employment, requires similar, if less extensive, types of notice. Plaintiff must review the Proposed Complaint and make clear under which version of § 195 he is raising this claim.

Defendants do not argue that they would suffer any prejudice by this amendment and it is clear that, given that little discovery has taken place, they would suffer none.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion to amend is granted. The amended complaint must be separately filed electronically by February 20, 2012.

**SO ORDERED.**

Dated:   Brooklyn, New York
         February 16, 2012

/s/_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE